IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JIMMY DURISO, III | § | |
| VS. | § | CIVIL ACTION NO. 1:19cv636 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Jimmy Duriso, III, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Prior Proceedings

In 2016, a federal grand jury indicted movant for seven counts of distributing at least 5 grams but less than 50 grams of methamphetamine. After a jury was selected and opening statements were made, movant pled guilty to all seven counts of the indictment. On December 7, 2017, movant was sentenced to 121 months of imprisonment on all counts, with the sentences to run concurrently. The convictions and sentences were affirmed by the United States Court of Appeals for the Fifth Circuit. *United States v. Duriso*, 747 F. App'x 994 (5th Cir. 2019).

Grounds for Review

Movant asserts he received ineffective assistance of counsel because counsel: (a) failed to investigate and prepare for trial; (b) failed to discuss trial strategy; (c) told the *voir dire* panel he was unfamiliar with federal trial procedure; (d) failed to properly articulate an objection to the government's use of a videotape during opening statement and (e) failed to move for a mistrial. Movant also contends the government improperly showed the videotape to the jury without having it admitted into evidence.


Standard of Review

A court may grant relief under 28 U.S.C. § 2255 only for a "transgression of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "A collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). "Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *Vaughn*, 955 F.2d at 368.

Analysis

*Ineffective Assistance of Counsel*

A. Legal Standard for Ineffective Assistance of Counsel Claim

To prevail on an ineffectiveness of counsel claim, it must be shown: (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1994). For a movant to demonstrate deficient performance, a strong presumption that counsel's conduct fell within a wide range of reasonable professional assistance must be overcome. *Id*. at 698; *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999). To show prejudice, there must be a reasonable probability that but for counsel's professional errors, the result of the proceeding would have been different. *Id*. at 687; *Lamb v. Johnson*, 179 F.3d 352, 359 (5th Cir. 1999). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694.

B. Application

1. Failure to Investigate and Prepare for Trial

After movant was indicted, the government filed a Notice and Information of Prior Conviction for Purpose of Increased Punishment. The Notice informed movant that the government intended to use a prior conviction for delivery of a controlled substance to enhance his punishment pursuant to 21 U.S.C. § 851. Movant asserts counsel failed to properly investigate his criminal history to

determine whether the prior conviction could be used to increase his punishment.

Counsel filed objections to the Presentence Report. In his first objection, counsel asserted that as movant had completed a placement on community supervision which resulted in the prior charge being dismissed, movant had received judicial clemency for the conviction. Counsel stated that, as a result, the prior conviction could not be used to increase movant's punishment. Counsel argued this objection during the sentencing hearing. However, the court overruled the objection based upon controlling precedent.

Counsel attempted to show the court that the prior conviction could not be used to increase movant's punishment. Movant has not described any additional arguments counsel should have made in support of this position. Nor has he demonstrated that the decisions relied on by the court in rejecting counsel's argument were not controlling. As a result, movant has not shown that counsel's efforts to demonstrate his prior conviction could not be used to increase the sentence imposed fell below an objective standard of reasonableness or resulted in prejudice.

Movant also asserts counsel failed to adequately investigate whether there was probable cause to support a search warrant. The search warrant was executed at movant's business.

Counsel filed a motion to suppress the evidence obtained as a result of the search warrant. After conducting a hearing, the court denied the motion to suppress. Again, movant fails to explain what additional arguments counsel should have made in support of the motion to suppress. He has therefore failed to show the attempt counsel made to have the evidence suppressed fell below an objective standard of reasonableness.

Finally, movant contends counsel failed to properly investigate the role Drug Enforcement Administration Agent Tim Duriso, movant's cousin, played in the investigation. Movant asserts his cousin was a supervisor and that his role in the investigation constituted a conflict of interest.

The participation of Agent Duriso was challenged in a second motion to suppress filed by counsel. The motion was based on 28 C.F.R. § 45.2, which provides that a person shall not participate in a criminal investigation if he has a personal or political relationship with the person being

investigated. The regulation describes a personal relationship to mean "a close and substantial connection of the type normally viewed as likely to induce partiality." The court conducted a hearing on the motion and entered a written order denying the motion. The denial was based on the finding that movant and Agent Duriso did not have a close and personal connection of the type normally viewed as likely to induce partiality.

While counsel's second motion to suppress was unsuccessful, counsel cited the applicable regulation and argued that the participation of Agent Duriso was improper. Movant has not explained what more counsel should have done to show Agent Duiriso's participation was improper. He has therefore failed to show counsel's efforts fell below an objective standard of reasonableness.

2. Failure to Discuss Trial Strategy

Movant also faults counsel for failing to discuss a defense strategy with him. He states counsel failed to explain to him a trial strategy that might have been effective given his prior drug conviction and the evidence against him.

As the government points out, the pretrial motions filed indicate counsel's strategy was to attempt to have the evidence against movant suppressed. Counsel's attempts to do this were unsuccessful. However, movant has not explained how counsel's alleged failure to discuss trial strategy with him prejudiced his defense. Movant has not described any better trial strategy he could have suggested if counsel had only asked him. He has therefore failed to show there is a reasonable probability the result of the proceeding would have been different is counsel had attempted to discuss trial strategy with him.

3. Admitting to Not Being Familiar with Federal Trial Procedure

Movant states counsel stated to the *voir dire* panel and to the court that he was not well versed in federal trial procedure and practice. Movant also faults counsel for not knowing how many peremptory challenges the prosecution was allowed.

The transcript of the *voir dire* stage of the proceedings does not show that counsel stated he was not well versed in federal criminal procedure. At one point, counsel incorrectly stated that both

4

the prosecution and the defense were allowed 10 peremptory challenges. The court corrected him and stated that the government was only given 6 peremptory challenges. Counsel then apologized and indicated that he also tried a number of cases in state court.

Counsel's misstatement regarding the number of peremptory challenges the government had was minor. The misstatement did not indicate counsel was unfamiliar with federal criminal procedure generally or that his knowledge of procedure fell below an objective standard of reasonableness. Counsel correctly stated how many peremptory challenges the defense was allowed. Further, it cannot be concluded that if the trial had continued, there is a reasonable probability the jury's decision would have been unfavorable to movant because of counsel's misstatement. This ground for review is therefore without merit.

    4. <u>Failure to Object to Use of Videotaped Confession</u>

Movant also states that counsel failed to articulate a proper objection to the government's use of a highly prejudicial videotape. Movant contends the videotape had not been admitted into evidence and that counsel should have objected before it was shown to the jury. In an affidavit, counsel states that the video presentation consisted of a montage of video clips and images of movant selling methamphetamine, as well as other inculpatory matters.

Counsel's motion to suppress objected to the use of statements that were part of the videotape. Counsel contended movant was improperly arrested and that, as a result, any statements he made following the arrest were inadmissible. The motion further asserted that any wire, oral or electronic communications intercepted were inadmissible. Counsel also objected to the use of the videotape in a motion in *limine* and objected after the video was shown to the jury. Further, as stated above, the court conducted a hearing concerning the motion to suppress.

Counsel's efforts to suppress the contents of the videotape prior to trial, while unsuccessful, did not fall below an objective standard of reasonableness. It is not clear from the record that the videotape was ever actually admitted into evidence. However, the Fifth Circuit stated that the trial court expressly ruled during the hearing on the motion to suppress that the videotape was admissible.

As a result, there is not a reasonable probability that if counsel had objected to the videotape being shown during opening statement because it had not been admitted into evidence, the court would have sustained the objection rather then simply admitting the videotape at that time. The court had already determined the tape was admissible. Movant therefore did not suffer prejudice as a result of counsel not objecting to the videotape being shown because it had not been admitted into evidence.

    5. <u>Failure to Move for Mistrial</u>

Movant faults counsel for failing to request a mistrial after the jury was shown the videotape. Movant states that the tape had not been admitted into evidence and showed him admitting to uncharged drug sales.

As explained above, the court had previously determined the videotape was admissible. The court had therefore concluded the videotape could be shown to the jury. Accordingly, there is not a reasonable probability the court would have granted any request for a mistrial. Counsel's failure to request a mistrial did not result in prejudice.

*Improper Use of Videotaped Confession*

Finally, movant states the government acted improperly by showing the videotape to the jury before it had been admitted into evidence.

As previously stated, it does not appear that the videotape had been admitted into evidence at the time it was shown to the jury. It would have been better practice for the government to have asked that the tape be admitted before showing it. However, the court had already determined the tape was admissible. As it is clear that the court would have admitted the tape into evidence if the government had sought to admit it, movant suffered no prejudice as a result of the tape not having been admitted.

<div align="center">

<u>Recommendation</u>

</div>

This motion to vacate, set aside or correct sentence should be denied.

<u>Objections</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*; 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 17th day of November, 2022.

_____
Zack Hawthorn
United States Magistrate Judge